```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

AMERICAN AIRLINES, INC., a corporation,

                     Plaintiff,

vs.                                 Case No. 2:10-cv-467-FtM-29SPC

IN CHARGE MARKETING, INC., a Florida Corporation, PETER SOTOLONGO, also known as PEDRO SOTOLONGO, RIGOBERTO SOTOLONGO, PETER NAGY, JR., DANIEL MARSHALL,

                     Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #30), filed May 20, 2011, recommending that plaintiff's Motion for Default Judgment as to Liability Only Against In Charge Marketing, Inc. (Doc. #27) be granted. No objections have been filed and the time to do so has expired. Also before the Court is plaintiff's Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendant Peter Nagy Jr. for Failure to Comply With Court Order (Doc. #29). No response has been filed and the time to respond has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific

objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

On April 14, 2011, the Magistrate Judge entered an Order (Doc. #24) granting plaintiff relief to the extent that defendant In Charge Marketing, Inc. was directed to retain counsel or risk sanctions for failure to appear and the request to compel defendant Peter Nagy, Jr. to meet and confer for the filing of a case management report was filed. Plaintiff filed a unilateral Case Management Report and neither defendant In Charge Marketing, Inc. nor Peter Nagy, Jr. participated and complied with the direction of the Magistrate Judge. Therefore, plaintiff seeks the entry of a default judgment as to liability against In Charge Marketing, Inc. based on the failure to obtain counsel. (Doc. #27.)

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the findings in the Report and Recommendation that In Charge Marketing failed to comply with the Court's Order. However,

the Court finds that a default is a prerequisite to the entry of a default judgment under Federal Rule of Civil Procedure 55(a)[1], and therefore the Report and Recommendation will be adopted with the modification that the motion is deemed a request for the entry of a default.

Plaintiff also seeks sanctions, including a default judgment, against Peter Nagy, Jr. for his failure to meet and confer for the filing of a case management report.  Plaintiff indicates that defendant has terminated all communication lines and sanctions should be imposed.  The Court agrees.  The Answer (Doc. #9) will be stricken and the Clerk will be directed to enter a default against Peter Nagy, Jr. for his failure to respond and participate in the case.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #30) is hereby **adopted as modified.**

2.   Plaintiff's Motion for Default Judgment as to Liability Only Against In Charge Marketing, Inc. (Doc. #27) is **GRANTED** to the

---

[1]"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

extent that the Clerk shall enter a default against In Charge Marketing, Inc. for failure to appear through counsel.

3. Plaintiff's Motion for Order to Show Cause Why Sanctions Should Not Be Imposed Against Defendant Peter Nagy Jr. for Failure to Comply With Court Order (Doc. #29) is **GRANTED** to the extent that the Answer (Doc. #9) is **stricken** and the Clerk shall further enter a default against Peter Nagy, Jr. for failure to participate in case management or otherwise appear and defend.

4. The Clerk shall serve this Opinion and Order on both remaining defendants. Plaintiff may file its request for default judgments after the entry of the Clerk's Defaults.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties