UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN AIRLINES, INC.,
a corporation,

                Plaintiff,

-vs-                              Case No.  2:10-CV-00467-JES-SPC

IN CHARGE MARKETING, INC.,
a Florida corporation, PETER SOTOLONGO
a/k/a PEDRO SOTOLONGO, RIGOBERTO
SOTOLONGO, PETER NAGY, JR., and
DANIEL MARSHALL

                Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, American Airlines Inc.'s ("American"), Motion to Compel Peter Nagy, Jr., to Comply with Subpoena Duces Tecum. (Doc. # 74) filed May 24, 2012, in the Middle District of Florida, Fort Myers Division. The Defendant, In Charge Marketing Inc. ("ICM") has not responded to American's motion within fourteen days after receipt of service. As ICM's time to respond to American's motion has expired, this matter is now ripe for review. See Fed. R. Civ. P. 45(c)(2)(B); Accord U.S. Dist. Ct. Rules M.D. Fla., Rule 3.04(a) with U.S. Dist. Ct. Rules M.D. Fla., Rule 3.01(b).

## BACKGROUND

American filed this trademark infringement case with the Court on July 7, 2010. (Doc. # 1). As litigation progressed, American moved for default judgment, as to liability only, against ICM and Peter Nagy, Jr. (Doc. # 36). This Court granted American's motion as to ICM; however, it denied the Motion, for failure to state a claim for relief, as to Peter Nagy, Jr. (Doc. #

37).[1] American, on October 21, 2011, filed a Motion against ICM for final default judgment in the amount of $4,000,000.00. (Doc. # 45). On November 30, 2011, this Court granted American's Motion and ordered ICM to pay American $4,000,000.00. (Doc. # 49, p. 2).

In aid of execution, American on April 11, 2012, served Peter Nagy, Jr. with a subpoena for deposition duces tecum. The subpoena's first document request sought production of:

> All documents, including statements, copies of account items such as cancelled checks, deposit advices, and wire transfer or telex confirmations, for any account, including corporate account, maintained in a bank, credit union, savings and loan association or other financial institution, for which In Charge Marketing, Inc. has or once had signature authority.

(Subpoena Req. No. 1). The third document request sought:

> Any and all account opening and closing information and documents concerning all accounts, including corporate accounts, opened or closed by In Charge Marketing, Inc. whether jointly, individually, in any foreign or domestic bank.

(Subpoena Req. No. 3). Mr. Nagy appeared at this deposition and produced ICM's bank statements at JP Morgan Chase from September 2011 through March 2011. At the deposition Mr. Nagy testified that ICM also maintained accounts with SunTrust Bank and prior to the SunTrust account a Wachovia Bank account for about a year. (Nagy Dep. 9: 7-13, April 30, 2012). However, Mr. Nagy failed to bring any of the aforementioned records to the deposition. In an effort to comply, Mr. Nagy agreed to produce those records and provide them to American. Id. at 10: 5-8; 13-18; 19-11:1. Since the deposition, however, Mr. Nagy has not produced these records despite numerous unsuccessful attempts by American to request them.

---

[1] As this Court stated in its Order dated July 12, 2011, American served Peter Nagy, Jr. but did so as Defendant's registered agent. (Doc. # 37, p. 2) (citing (Doc. # 6)). American has not amended their complaint to include Mr. Nagy in the suit. As such, Peter Nagy, Jr. is no longer a party to this suit.

In addition to its requests for bank records, American also requested files related to two websites that Mr. Nagy built for Peter Sotolongo. (Pl. Mot. to Compel Doc. # 74, p. 4). Specifically, American requested:

> All documents which refer or relate to any real or personal property belonging to In Charge Marketing, Inc., but in the possession of a third-party.

(Subpoena Req. No. 14);

> All documents evidencing the transfer of any property, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account, including but not limited to, bills of sale, deeds, closing statement(s), contracts or other documents showing or reflecting any transfer of any property (real and/or personal (tangible and/or intangible)) by, from or to In Charge Marketing Inc., to any individual, or business, corporation, partnership, association, or affiliation in which you Peter Nagy, Jr. or Dayhanna Acosta Nagy have an interest.

(Subpoena Req. No. 17);

> Any and all documents not specifically described above which evidence the nature, existence, and value of In Charge Marketing, Inc.'s assets, liabilities, financial information, affairs, and transactions.

(Subpoena Req. No. 19). Mr. Nagy did not produce these files, which are ICM's property, at the deposition. However, he agreed to produce backup copies of these files. (Nagy Dep. 42: 22-43:10.) Yet, to date, Mr. Nagy has failed to produce any of these files. (Pl. Mot. to Compel Doc. # 74, p. 4).

## DISCUSSION

Rule 45, Fed.R.Civ.P., governs discovery of non-parties by subpoena. <u>ErinMedia, LLC v. Nielsen Media Research, Inc.</u>, 2007 WL 1970860 *1 -2 (M.D. Fla. July 3, 2007). The purpose of a subpoena duces tecum is to compel the production of documents or things relevant to the facts at issue in a pending judicial proceeding. A subpoena duces tecum is the only way to compel a

non-party to produce documents or other materials. In Re Falcon Air Exp., Inc., 2008 WL 2038799 (Bankr. S.D. Fla. 2008). Pursuant to Rule 45(c), an attorney issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to a subpoena. Fed. R. Civ. P. 45(c).

With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. " ErinMedia, LLC., 2007 WL 1970860 at *1-2. (citing Cytodyne Tech., Inc. v. Biogenic Tech., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003); Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545 (11th Cir. 1985)).

Mr. Nagy has failed to respond with either an objection or production of documents requested by American. As President of In Charge Marketing, Mr. Nagy has control over the requested documents. American believes its document requests are necessary to proceed with their case. American's requests fail to burden Mr. Nagy because it pertains to a small period of time and the breadth of the document request is relatively small. Specifically, American seeks two different bank account records and files pertaining to a website, which Mr. Nagy built. As such, the Court will enforce the subpoena duces tecum and allow the requested discovery. See Garcia v. America Sec. Ins. Co., 2010 WL 2293153, *1 (M.D. Fla. 2010) (enforcing a subpoena duces tecum because a non-party failed to respond by either objection or production).

Accordingly, it is now

    **ORDERED:**

Plaintiff, American Airlines, Inc.'s, Motion to Compel Peter Nagy Jr., to Comply with Subpoena Duces Tecum (Doc. # 74) is **GRANTED**.

1. Peter Nagy shall produce all documents under his possession, custody, or control responsive to the subpoena duces tecum (and agreed to produce) on or before July 2, 2012. **Failure to do so could result in sanctions**.

2. The Clerk of Court is directed to mail a copy of this Order and all subsequent entries docketed in this matter to Peter Nagy at his business address: Peter Nagy, Jr., In Charge Marketing, Inc., 1915 E. Concord St., Suite 800B, Orlando, FL 32803 and his home address: 627 102nd Avenue, North Naples, FL 34108

    **DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of June, 2012.

    */s/ Sheri Polster Chappell*
    SHERI POLSTER CHAPPELL
    UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

    Peter Nagy, Jr at the above listed addresses